IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-02006-LTB-MEH

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

    Plaintiff,

vs.

PUBLIC SERVICE COMPANY OF COLORADO d/b/a XCEL ENERGY, INC.,

    Defendant.

_____

**ORDER ON PENDING DISCOVERY MOTIONS**
_____

Plaintiff has filed a Motion to Compel Discovery (Docket #30) and a Motion to Take Deposition Out of Time (Docket #31). Defendant has filed an Unopposed Motion for Leave to Take Deposition Out of Time (Docket #34). These motions have been referred to this Court by Chief District Judge Babcock. The motions are briefed, and oral argument would not materially assist the Court in adjudicating them. For the reasons stated below, the Court **grants** the Motion to Take Deposition Out of Time and the Unopposed Motion for Leave to Take Deposition Out of Time, and **denies** the Motion to Compel.

**I.**    **Facts**

The EEOC alleges that Defendant failed to promote Michelle Jaramillo to the position of Senior Metrologist, hiring instead an outside applicant named Jerry Gangl. The EEOC contends that this constituted sex discrimination. Defendant denies this allegation. The present motions concern discovery disputes and attempts to take two depositions.

**II.     Defendant's Unopposed Motion for Leave to Take Deposition Out of Time (Docket #34)**

Defendant contends that on December 30, 2005, the day before the discovery deadline in this case, Plaintiff disclosed Nancy Sheehan as an individual likely to have discoverable information. Defendant seeks leave to amend the Scheduling Order's discovery deadline solely for the purpose of taking Ms. Sheehan's deposition. Plaintiff does not oppose this motion. For good cause, the Court **grants** the Unopposed Motion (Docket #34) and will amend the Scheduling Order to permit the deposition of Ms. Sheehan on or before April 14, 2006.

**III.    Plaintiff's Motion to Take Deposition Out of Time (Docket #31)**

Plaintiff contends that it noticed the deposition of witness Geri Cook, one of Defendant's employees, prior to the close of discovery, but due to Ms. Cook's absence on long-term disability, the deposition could not take place within that time period. Plaintiff seeks leave to take Ms. Cook's deposition "at a time when Ms. Cook is medically able to testify." Defendant contends Plaintiff knew about Ms. Cook early in the case and failed to request her deposition until the end of an already-extended discovery period. The briefs establish that Plaintiff had Ms. Cook's address before the close of discovery and that Defendant was not agreeing to accept service of a subpoena on her behalf. The Court does not fault the Plaintiff for declining, at that time, to issue a subpoena on one of Defendant's employees who perhaps was at home suffering from a serious medical condition. The Court believes that Plaintiff has established sufficient cause to take the deposition after the discovery deadline, but the Court cannot grant an open-ended period in which to accomplish the deposition. Therefore, the Court **grants** Plaintiff's Motion to Take Deposition Out of Time (Docket #31) and will amend the Scheduling Order to permit the deposition of Ms. Cook on or before April 14, 2006.

The parties are directed to cooperate in discussing their respective schedules in order to

accomplish these depositions, however, the party requesting the deposition is responsible for effecting any service of process necessary to accomplish their particular deposition, absent an agreement to the contrary.

### IV. Plaintiff's Motion to Compel (Docket #30)

Plaintiff has filed a Motion to Compel seeking personnel files, computer e-mails, and employment histories of certain of Defendant's employees. Plaintiff has withdrawn its request for employment histories and, therefore, the Motion to Compel is **denied** as moot to that extent. The Court will address the remaining requests made in the Motion to Compel.

#### A. Computer E-mail Messages

Plaintiff's Request for Production No. 3 sought the following:

> All electronic mail messages, word processing or other electronic files, and existing data bases, which you or any of your agents have generated during the Discovery Period, which refer or relate to Jaramillo, the hiring for the Position, or any of the claims or allegations asserted in this action.

Defendant objected to this request on the grounds that it was overly broad, vague, unduly burdensome, and sought documents protected by the attorney-client and work product privileges. However, the Defendant agreed to produce responsive, nonprivileged documents and contends in its response that all such documents have been produced, along with a privilege log for responsive documents that were withheld. In its reply, Plaintiff does not come forward with any evidence that Defendant has misrepresented the extent of its production, but merely argues that because one e-mail is a request from Geri Cook for information from the hiring official, Katie Hellfritz, and because Defendant has produced no e-mail responding to that request, the Defendant must be withholding information. The Court will accept the representations of Defendant that all responsive documents

3

have been produced, along with the implied representation that there was no such e-mail response. Therefore, the Motion to Compel is **denied** insofar as it seeks documents under Request for Production No. 3.

### B. Personnel Files

Plaintiff's Request for Production No. 14 sought the following:

> Copies of the personnel files, including all documents related to counseling, discipline or termination of witnesses identified in Interrogatory No. 3 or any witness you plan to depose or call as a witness.

Defendant objected but agreed to produce the personnel files of the nonselectee, Ms. Jaramillo, and the selectee, Mr. Gangl. In addition, Defendant has represented that no relevant employee was formally disciplined for anything related to discrimination during the period relevant to this case and, thus, there would be no personnel file entries relating to such discipline. Further, Defendant states that it produced all documents relating to training concerning anti-discrimination laws, as well as the training materials themselves.

In its reply, Plaintiff identifies that the personnel files it seeks are those of (1) the selecting officials, (2) four male co-workers who did not apply for the position, (3) two employees who responded to requests for information submitted by the Colorado Civil Rights Division, and (4) any other witness the Defendant will call at trial. This is akin to a request for all personnel files "of all employees plaintiff suspect[s] of having any role in [her] termination," *Rockfeller v. Abraham*, 23 Fed. Appx. 893, 896 (10th Cir. 2001) (finding such a request overly broad), and the Court believes, for the following reasons, that the Motion to Compel on this issue should be denied.

Plaintiff first argues that personnel files of Ms. Jaramillo's male co-workers (who were not applicants for the relevant position) might produce information that they were given more

opportunities than Ms. Jaramillo. As far as the Court can determine, this is not a claim on which Plaintiff exhausted her administrative remedies. Further, the Court does not find Plaintiff's speculation about what might be in the personnel files particularly persuasive and, in any event, information about opportunities in the workplace, even if relevant, is far more easily and thoroughly discoverable through depositions.

Plaintiff then argues that the personnel files might contain information about a workplace reorganization occasioned by a negotiation with the labor union that represented Defendant's employees. This reorganization, which occurred *after* the nonselection, allegedly resulted in Ms. Jaramillo receiving less favorable treatment than other employees (this case does not contain a claim for retaliation). The Court cannot see how this is anything other than pure speculation.

Finally, Plaintiff argues that the personnel files of the selecting officials and other management employees are likely to contain "relevant information regarding whether Xcel discriminated against Ms. Jaramillo." This is simply too vague an explanation for the Court to decipher exactly what sort of information Plaintiff suspects it would find, that relates to discrimination, in the personnel files.

For these reasons, Plaintiff's Motion to Compel (Docket #30) is **denied**.

**V.    Conclusion**

Accordingly, for the reason stated above, it is hereby **ORDERED** that the Plaintiff's Motion to Compel Discovery (Docket #30) is **denied**; the Plaintiff's Motion to Take Deposition Out of Time (Docket #31) is **granted**; and the Defendant's Unopposed Motion for Leave to Take Deposition Out of Time (Docket #34) is **granted** as discussed herein.

Dated at Denver, Colorado, this 16th day of March, 2006.

BY THE COURT:

                                 s/ Michael E. Hegarty
                                 Michael E. Hegarty
                                 United States Magistrate Judge